## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTICT OF TENNESSEE
## AT KNOXVILLE

PERRY LEE DIXON )
)
    Plaintiff, )
)
v. )
)
FORT LOUDOUN ELECTRIC COOPERATIVE ) NO_____
AGENT FOR SERVICE OF PROCESS ) JURY DEMANDED
ANGELA TALLENT )
116 TELLICO PORT RD )
VONORE, TN 37885-2434 )
)
and )
)
INTERNATIONAL BROTHERHOOD OF )
ELECTICAL WOKERS (I.B.E.W) LOCAL 760 )
BUILDING CORPORATION )
AGENT FOR SERVICE OF PROCESS )
GEORGE A BOVE )
1530 BILL WILLIAMS AVENUE )
KNOXVILLE, TN 37917-3861 )
)
    Defendants, )
_____

## COMPLAINT
_____

### TABLE OF CONTENTS

II.    Parties.................................................................................................... 2
III.   Jurisdiction, Venue and Applicable Statutes.................................................... 2-3
IV.   Historical Facts.................................................................................... 3-5
V.    Claims............................................................................................... 5-8
VI.   Prayer for Relief................................................................................. 8-9

## II. PARTIES

1.     Plaintiff, Perry Lee Dixon, known to parties as Steve Dixon (hereinafter Mr.
Dixon) is a citizen and resident of Blount County, Tennessee, and he is a former employee of Fort Loudoun Electric Cooperative as well as a brother in the International Brotherhood of Electrical Workers Local 760.

2.   Fort Loudoun Electric Cooperative (hereinafter "Fort Loudoun") is a not for profit member owned utility providing electricity to Blount, Loudon, and Monroe Counties.  Its principal place of business is located at 116 Tellico Port Road, Vonore, Tennessee 37885.

3.   International Brotherhood of Electrical Workers Local 760 (hereinafter "IBEW 760") is an Union organized under the laws of the State of Tennessee, with its principle place of business located at 1530 Bill Williams Avenue, Knoxville, Tennessee 37917.

## III.  JURISDICTION, VENUE; AND APPLICABLE STATUTES

4.   Jurisdiction is founded upon Federal Questions, 29 U.S.C. § 623, 42 U.S.C. § 2000e–2., and the doctrine of Supplemental Jurisdiction, 28 U.S.C. § 1367.  Venue is proper under the code provisions cited herein and 28 U.S.C. § 1391(b) and (c).

5.   At all times herein, Fort Loudoun, was, and currently is, an employer subject to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq.

6.     At all times herein, IBEW 760, was, and is, an entity subject to the
provisions of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq.

7.  At all times herein, Fort Loudoun, was and currently is, subject to
    the provisions of the Age Discrimination Act, 29 U.S.C. § 632.

8.  At all times herein, IBEW 760, was, and is, subject to the provisions of the
    Age Discrimination Act, 29 U.S.C. § 632.

9.  State claims under T.C.A. § 4-21-301, and T.C.A. § 4-21-401
    known also as "Tennessee Human Rights Act."

10. At all times herein, IBEW 760 was, and is, an entity subject to the
    provisions of the "Tennessee Human Rights Act" .C.A. § 4-21-301, and T.C.A. §
    4-21-401.

11. At all times herein, Fort Loudoun was, and is, an entity subject to
    the provisions of the "Tennessee Human Rights Act" .C.A. § 4-21-
    301, and T.C.A. § 4-21-401.

## IV. HISTORICAL FACTS

12. Mr. Steven Perry Dixon was born on March 3, 1953.

13. Mr. Dixon is an ethnic Native American, with a current membership in the
    Cherokee nation.

14. Mr. Dixon has been a member of the Union that IBEW 760 is a branch of
    since 1976.

15. Mr. Dixon was hired by Fort Loudoun in August 21, 1990.

16. Mr. Dixon was then and still is a card carrying union member of which
    IBEW 760 was representing while in the employment of Fort Loudoun.
    (Exhibit 1)

17. In the year 2000 plaintiff was made a full card carrying member of the
    Cherokee nation.  It was also at this time that he began to be called "chief
    yellow hat."  He did not appreciate and was deeply offended by this
    designation, however no action was ever taken to stop this action.
    (Exhibit 2)

18. Throughout this period Mr. Dixon Tom Greene the general foreman of Fort Loudoun called Mr. Dixon "Chief Boneall" in public and private.

19. The CEO of Fort Loudoun was from 1996 to 2008 Robert Long.

20. After leaving as CEO Robert Long remained on the board at Fort Loudoun.

21. Jim Kendrick took over as CEO for Robert Long in March 2008.

22. In March 2009 Mr. Dixon was promoted to Service man by then manager Jim Kendrick.

23. On the night of September 27, 2009 Mr. Dixon was arrested for Driving under the influence and evading arrest. He was not working at the time. (Exhibit 3)

24. From the time he was promoted to his arrest Mr. Dixon, and one other individual was on call 24 hours a day, although he was not paid nor did he receive compensation except when a call came though during his off hours. He was further not under any obligation to accept the call during off hours.

25. Plaintiff was put on administrative leave pending the criminal charges of September 27, 2009.

26. Mr. Dixon was informed by his CEO Jim Kendrick that as long as he was not convicted of DUI he would be taken off of administrative leave. (Exhibit 4)

27. Throughout this period Mr. Dixon was unable to work during his time on administrative leave, as his only options were to quit his job if he wished to take other employment.

28. On September 8, 2011 the DUI charge was dismissed.

29. Mr. Dixon entered a best interest plea of guilty to walking resisting arrest.

30. On September 9, 2011 Mr. Dixon was informed by the new CEO Jarrod Brackett that Mr. Dixon would not be taken off administrative leave. CEO Jarrod Brackett informed Mr. Dixon at that time in a letter that he was being terminated in his employment. (Exhibit 5)

31. Mr. Dixon denied the allegations set forth in the letter by CEO Jarrod Brackett in his September 9, 2011 letter.

32. Further, on September 9, 2011 Mr. Dixon received a termination notice by CEO Jarrod Brackett.

33. Mr. Dixon at informed IBEW 760 of his grievance in this matter pursuant to the contract that IBEW 760 had signed on behalf of its members of which Mr. Dixon was one with Fort Loudoun. (Exhibit 6)

34. IBEW 760 recognized the grievance on September 15, 2011. (Exhibit 7)

35. On September 26. 2011 a meeting was held in which CEO Jarrod Brackett stated that he would not rehire Mr. Dixon. Mr. Dixon asked IBEW 760 to enforce the labor agreement with Fort Loudoun and bring the matter forward for arbitration. He was then informed that this would not occur.

36. Mr. Dixon subsequently found out that his job had been given to a much younger worker Josh Wilson a worker under the age of 30 and who is the grandson to Robert Long, who served as CEO of Fort Loudoun for a substantial period of Mr. Dixon's employment.

## V. CLAIMS

### i. AGE DISCRIMINATION

37. All allegations in paragraphs 1 through 36 of this Complaint are hereby incorporated and re-alleged by reference.

38. IBEW 760 and Fort Loudoun are guilty under U.S.C. 29 § 632 of age discrimination in the discharge of Mr. Dixon.

39. Mr. Dixon was fifty eight (58) years old at the time of discharge from Fort Loudoun.

40. Mr. Dixon was discharged as he had worked at Fort Loudon for twenty two (22) years and was only three (3) years from being fully vested for retirement.

41. Fort Loudoun hired a man half the age of Mr. Dixon in Mr. Dixon's position.

42. Fort Loudoun's stated reason for not reinstating Mr. Dixon was merely a pre-textual reason with the true reason the financial benefit received by discharging him when he was close to full investment in retirement and they could hire a younger worker at less pay.

43. These actions constitute the actual and proximate cause of Mr. Dixon's injuries.

## ii. NATIONALITY AND RACE DISCRIMINATION

44. All allegations in paragraphs 1 through 43 of this Complaint are hereby incorporated and re-alleged by reference.

45. IBEW 760 and Fort Loudoun are guilty under U.S.C. 42 § 2000e of racial and national origin discrimination in the discharge of Mr. Dixon.

46. Mr. Dixon at the time of his discharge was the only Native American in employment by Fort Loudoun. Further, it is believed that he was the only minority of any sort that was employed by Fort Loudoun.

47. In his employment at Fort Loudoun, Mr. Dixon was repeatedly exposed to racial slurs of his national origin and race. He repeatedly asked that these slurs and insensitive statements stop, but neither IBEW 760 nor Fort Loudoun ever attempted to stop them or intervened in anyway to control them.

48. The stated reason by Fort Loudoun and the non-action by IBEW 760 was pre-textual as the real reason for Mr. Dixon's dismissal was his racial and national origin.

49. These actions constitute the actual and proximate cause of Mr. Dixon's injuries.

## iii. BREACH OF CONTRACT

50. All allegations in paragraphs 1 through 49 of this Complaint are hereby incorporated and re-alleged by reference.

51. Under all times Mr. Dixon was under contract with IBEW 760 and Fort Loudoun as a condition of his employment.

52. Fort Loudoun breached the contract with Mr. Dixon when it did not follow its own policies and contract in regards to employment conduct. The stated

reason for Mr. Dixon's termination was based on policy 201 (A) and 201 (B) of the employment contract with Mr. Dixon. Mr. Dixon however was not on duty when he was arrested for driving under the influence on September 27, 2009. (Exhibit 8, 9, 10)

53. IBEW 760 breached its contract with Mr. Dixon when it refused to force arbitration as stated in the contract it had signed on behalf of its members, which Mr. Dixon is, with Fort Loudoun. (Exhibit 11)

54. IBEW 760 operated in bad faith in how it operated under the grievance filed by Mr. Dixon. It did not follow its own guidelines and further did not seek to have Mr. Dixon reinstated.

55. These actions constitute the actual and proximate cause of Mr. Dixon's injuries.

### iv. TENNESSEE HUMAN RIGHTS ACT

56. All allegations in paragraph 1 through 55 of this Complaint are hereby incorporated and re-alleged by reference.

57. T.C.A. § 4-21-301, and T.C.A. § 4-21-401 known also as "Tennessee Human Rights Act", is applicable to both IBEW 760 and Fort Loudoun as business entities registered in the State of Tennessee.

58. IBEW 760 violated this act when they refused to abide by the contract with Mr. Dixon, it treated Mr. Dixon in an manner substantially different then it did its other members.

60. It did not enforce its own bylaws and contractual agreements that it was obligated to in regards to Mr. Dixon. It treated his younger and non-minority members in a manner substantially different then Mr. Dixon when claims arose against Fort Loudoun.

61. Fort Loudoun violated the "Tennessee Human Rights Act" when it terminated Mr. Dixon hired a substantially younger non-minority employee. The stated reason for his dismissal was merely a pretext to the actual reason of his age and racial nationality.

62. These actions by both IBEW 760 and Fort Loudoun in violation of the "Tennessee Human Rights Act" constitute the actual and proximate cause of damages to Mr. Dixon.

## v. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

63. All allegations in paragraphs 1 through 52 of this Complaint are hereby incorporated and re-alleged by reference.

64. Under Tennessee common law Mr. Dixon suffered from the intentional infliction of emotional distress though the outrageous and extreme conduct of both IBEW 760 and Fort Loudoun.

65. Mr. Dixon was unable to work for the two years he was on administrative leave with both IBEW 760 and Fort Loudoun as they stated that would have been a breach of contract and would result in his immediate termination from both organizations.

66. Both IBEW 760 and Fort Loudoun though the whole process from administrative leave to the eventual termination of Mr. Dixon the defendants showed a callous, outrageous and extreme disregard for Mr. Dixon's state of being both financially and mentally.

67. These actions constitute the actual and proximate cause of Mr. Dixon's injuries.

## VI. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for the following relief:

1. Compensatory damages, including front pay; $1,000,000.00
2. Punitive damages: $10,000,000.00
3. Prejudgment interest;
4. Reinstatement with back pay:
5. Reasonable attorney's fee and expert witness fees;

6. Cost of this action;

7. A jury to try this cause; and,

8. And all other general relief this Honorable Court deems appropriate

Respectfully submitted this the 17 day of January, 2013.


Andrew Owens Beamer BPR 028791
707 Market Street
Knoxville Tn, 37902
Ph: 865-850-9029
Fax: 865-637-5084
Attorney for Plaintiff

STATE OF TENNESSEE        )
COUNTY OF KNOX           )

Perry Lee Dixon, being first duly sworn, with her/his signature below and with proper proof of identification, makes oath that he/she has read the forgoing Complaint, knows the contents thereof, and that the same is true and correct to the best of his/her personal knowledge, information, and belief; that this Complaint is not made out of levity or by collusion with the Defendants, but in truth and sincerity.

Perry Lee Dixon

Sworn and subscribed before me on the 14th day of January, 2013.

Notary Public
My Commission Expires: 9-11-16

LIBBY HAUN
STATE OF TENNESSEE
NOTARY PUBLIC
KNOX COUNTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTICT OF TENNESSEE
## AT KNOXVILLE

| | | |
|---|---|---|
| PERRY LEE DIXON | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | NO_____ |
| FORT LOUDOUN ELECTRIC COOPERATIVE | ) | JURY DEMANDED |
| AGENT FOR SERVICE OF PROCESS | ) | |
| ANGELA TALLENT | ) | |
| 116 TELLICO PORT RD | ) | |
| VONORE, TN 37885-2434 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| INTERNATIONAL BROTHERHOOD OF | ) | |
| ELECTICAL WOKERS (I.B.E.W) LOCAL 760 | ) | |
| BUILDING CORPORATION | ) | |
| AGENT FOR SERVICE OF PROCESS | ) | |
| GEORGE A BOVE | ) | |
| 1530 BILL WILLIAMS AVENUE | ) | |
| KNOXVILLE, TN 37917-3861 | ) | |
| | ) | |
| Defendants, | ) | |

### COST BOND

I, **Perry Lee Dixon**, Principal, and **ANDREW O. BEAMER**, as Surety, are held and firmly bound unto the Court of the Court for the Easter District of Tennessee, for the payment of all costs awarded against principal. To that end, we bind ourselves, our heirs, executors, and administrators.

The Principal is commencing a legal proceeding in the United States District Court, for Eastern District of Tennessee. If the Principal shall pay all costs which are adjudged against her then this obligation is void. If the Principal fails to pay, then the Surety shall undertake to pay all costs adjudged against the Principal. Mandated at T.C.A. §20-12-120 et seq.

PRINCIPAL

_Perry Lee Dixon_
Perry Lee Dixon

SURETY

_____
(Print or Type)          Surety

_____
Signature of Surety

ANDREW BEAMER
707 Market Street
Knoxville, TN 37902