UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

PERRY LEE DIXON,                                    )
                                                    )
                    Plaintiff,                      )
                                                    )
v.                                                  )   No.: 3:13-CV-28
                                                    )        (VARLAN/GUYTON)
FORT LOUDOUN ELECTRIC COOPERATIVE                   )
and INTERNATIONAL BROTHERHOOD OF                    )
ELECTRICAL WORKERS (I.B.E.W.) LOCAL 760,            )
                                                    )
                    Defendants.                     )

## MEMORANDUM OPINION

This civil action is before the Court on Defendant Fort Loudoun Electric Cooperative's Rule 12(b)(6) Motion to Dismiss [Doc. 6]. Plaintiff Perry Lee Dixon filed a response in opposition to this motion [Doc. 13]. Fort Loudoun Electric Cooperative ("FLEC") has not filed a reply, and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1(a), 7.2.

The Court has carefully reviewed plaintiff's complaint [Doc. 1], the pending motion to dismiss [Doc. 6], its supporting memorandum [Doc. 7], and plaintiff's response [Doc. 13], all in light of the applicable law. For the reasons set forth herein, the motion to dismiss [Doc. 6] will be **GRANTED**, and plaintiff's claims will be **DISMISSED with prejudice** and in their entirety.

# I.  Background[1]

In his complaint, plaintiff states that he was born on March 3, 1953, and hired by FLEC on August 21, 1990 [Doc. 1 ¶¶ 12, 15].  He also notes that he is an ethnic Native American and was made a full member of the Cherokee nation in 2000 [*Id.* ¶¶ 13, 17].  At this time, plaintiff claims that he began to be called (presumably while working at FLEC) "chief yellow hat," a designation offensive to plaintiff but never addressed by FLEC [*Id.* ¶ 17].  He also alleges that "[t]hroughout this period," FLEC's general foreman, Dixon Tom Greene, called plaintiff "Chief Boneall," both publicly and privately [*Id.* ¶ 18].  As far as his career was concerned, however, in March 2009, plaintiff was promoted to the position of "Service man" [*Id.* ¶ 22].

On September 27, 2009, plaintiff was arrested for driving under the influence and evading arrest [*Id.* ¶ 23].  As a result, FLEC placed plaintiff on administrative leave, pending resolution of the criminal charges against him [*Id.* ¶ 25].  Jim Kendrick, the former CEO of FLEC, told plaintiff that FLEC would reinstate him if he was cleared of the charges, and "more specifically the DUI charge" [Doc. 1-1 p. 4].  Kendrick was terminated in February 2011 [*Id.*].  On September 8, 2011, the DUI charge against plaintiff was dismissed, but plaintiff pleaded guilty to "walking resisting arrest" [Doc. 1 ¶¶ 28, 29].  The following day, September 9, 2011, Jarrod Brackett, FLEC's new CEO, told plaintiff that he would not be taken off of administrative leave and was being

---

[1] For the purposes of a motion to dismiss, the Court takes plaintiff's factual allegations as true.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that, "when ruling on a defendant's motion to dismiss, a judge must accept as true all the factual allegations contained in the complaint" (citations omitted)).

terminated [*Id.* ¶ 30]. Brackett notified plaintiff of this decision in a letter in which Brackett stated that plaintiff was being terminated because of his conviction for resisting arrest and, notably, plaintiff's admission to Brackett in the presence of two witnesses that plaintiff consumed alcohol on the day of his arrest while on standby duty with FLEC [Doc 1-1 p. 5]. Plaintiff denies this allegation [Doc. 1 ¶ 31]. Plaintiff later discovered that he had been replaced as "Service man" by Josh Wilson, who is under the age of 30 and the grandson to Robert Long, former CEO of FLEC [*Id.* ¶ 36].

Plaintiff first alleges that FLEC violated 29 U.S.C. § 623 (the "ADEA") in terminating him because FLEC hired a man who is half of plaintiff's age to replace him and because FLEC's stated reason for terminating plaintiff, that he was convicted of resisting arrest and admitted to drinking while on standby duty for FLEC, was a pretext for FLEC's actual reason—that plaintiff was three years from being fully vested in FLEC's retirement plan and FLEC could hire a younger worker for less pay [*Id.* ¶¶ 38–42]. Additionally, plaintiff submits that he was, at the time of his termination, the only Native American or minority employed by FLEC and was repeatedly subjected to slurs regarding his national origin and race while employed there, as FLEC did not attempt to stop this conduct despite plaintiff's protests [*Id.* ¶¶ 46, 47]. Accordingly, plaintiff argues, FLEC violated 42 U.S.C. § 2000e ("Title VII") because its stated reason for his termination was pretextual, and its actual reason was plaintiff's race and national origin [*Id.* ¶¶ 45, 48].

Plaintiff further claims that FLEC breached his employment contract, violated the Tennessee Human Rights Act ("THRA"), and is liable for intentional infliction of emotional distress. Yet, as the Court finds and plaintiff admits in his response to FLEC's motion to dismiss, these claims are time-barred, and thus the Court declines to describe their substance in detail.

FLEC filed a motion to dismiss, asserting that plaintiff's claims should be dismissed, in their entirety, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for a myriad of reasons. Furthermore, FLEC submits that plaintiff's ADEA and Title VII claims should be dismissed based on plaintiff's failure to exhaust administrative remedies, and because plaintiff fails to plead facts stating a plausible claim for relief. Plaintiff filed a response to this motion admitting that his breach of contract, THRA, and intentional infliction of emotional distress claims were time-barred. Plaintiff, however, contends that he properly exhausted the requisite administrative remedies, citing attached exhibits that indicate plaintiff filed a charge with the EEOC on April 25, 2012, but that he did not file a signed Form 5 with the EEOC until October 17, 2012, and that the EEOC mailed plaintiff a Dismissal and Notice of Rights on October 24, 2012, stating that his charge was not timely filed with the EEOC.

II. **Analysis**

A. **Standard of Review**

Federal Rule of Civil Procedure 8(a)(2), which governs pleadings, requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in

4

order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). If a party fails to meet these pleading requirements, the opposing party may move to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

In determining whether to grant a motion to dismiss brought pursuant to Rule 12(b)(6), all well-pleaded allegations must be taken as true and construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). Still, though a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. Accordingly, "[a] formulaic recitation of the elements of a cause of action will not do," nor will "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, a complaint will not suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 557.

More specifically, in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the United States Supreme Court stated that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). To this end, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The Supreme Court then proceeded to explain the two principles underlying these statements:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.

*Id.* at 678-79 (citations omitted). As a result, when a complaint states no more than conclusions, such are not entitled to the assumption of truth. *Id* at 678. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Id.* So, in sum, "a civil complaint only survives a motion to dismiss if it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678).

Typically, in ruling upon a Rule 12(b)(6) motion to dismiss, a court may only consider matters presented in the pleadings. Fed. R. Civ. P. 12(d). Yet, "'matters of

public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account.'" *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (quotation and emphasis omitted)). Also, in order to prevent plaintiffs from being able to survive motions to dismiss by failing to attach dispositive documents relied upon in crafting the complaint, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.'" *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). Similarly, a court may consider additional facts presented in the plaintiff's response to a motion to dismiss to the extent such facts clarify the allegations in the complaint. *Craddock v. Hennessee*, No. 1:09-CV-14, 2010 WL 1138300, at *2, n.1 (E.D. Tenn. Mar. 18, 2010) (citing *Pegram v. Herdrich*, 530 U.S. 211, 230 (2000)).

### B. Timeliness of Plaintiff's Filing with the EEOC

Before bringing a civil complaint under the ADEA or Title VII for discrimination, a claimant must first file a charge with the EEOC. 29 U.S.C. § 626(d); *Scott v. Eastman Chem. Co.*, 275 F. App'x 466, 470 (6th Cir. 2008). Although plaintiff makes no mention in his complaint that he exhausted this requisite administrative remedy before filing the instant action, the Court considers plaintiff's response to this motion, which includes evidence that he in fact filed a complaint with the EEOC; that is, a copy of plaintiff's

Dismissal and Notice of Rights from the EEOC.[2]  According to the letter accompanying this dismissal and notice, plaintiff filed his charge with the EEOC on April 25, 2012,[3] 229 days after he was terminated by FLEC.  The EEOC issued plaintiff's Dismissal and Notice of Rights on October 24, 2012, and he filed the present action on January 18, 2013.

### 1.    Plaintiff's ADEA Claim

"In Tennessee, which has state laws prohibiting age discrimination, a plaintiff's ADEA claim will be dismissed as untimely if the plaintiff fails to file a charge [with the EEOC] within 300 days of the discriminatory action."  *Weigel v. Baptist Hosp. of E. Tenn.*, 302 F.3d 367, 375-76 (6th Cir. 2002).  Because plaintiff filed his charge with the EEOC within requisite time period, plaintiff's ADEA claim is not untimely filed with this Court.  Moreover, plaintiff filed this action within 90 days of receiving his Dismissal and Notice of Rights from the EEOC and thus dismissal of his ADEA claim on timeliness grounds is unwarranted.  *See Forest v. U.S. Postal Serv.*, 97 F.3d 137, 141 (6th Cir. 1996) (holding that "plaintiff must bring suit under the ADEA within 90 days after receiving notice that the administrative proceeding has been terminated").

---

[2] The Court considers this information in plaintiff's response only to help clarify the allegations in plaintiff's complaint and the validity of FLEC's grounds for dismissal.  *Craddock v. Hennessee*, No. 1:09-CV-14, 2010 WL 1138300, at *2, n.1 (E.D. Tenn. Mar. 18, 2010) (citing *Pegram v. Herdrich*, 530 U.S. 211, 230 (2000)).

[3] It is somewhat unclear what plaintiff filed on April 25, 2012, and October 17, 2012, respectively, but because the EEOC's letter to plaintiff states that plaintiff filed a charge on April 25, for purposes of considering timeliness, the Court will treat his charge as filed on April 25.

### 2.    Plaintiff's Title VII Claim

Regarding plaintiff's Title VII claim, however, 42 U.S.C. § 2000e–5(e)(1) states that:

> A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice . . . , except that in a case of an unlawful employment practice with respect to which the person aggrieved has *initially instituted proceedings with a State or local agency* with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within *three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings* under the State or local law, whichever is earlier.

42 U.S.C. § 2000e–5(e)(1) (emphasis added). Thus, "a charge is timely when the aggrieved file[s] with the EEOC within 180 days after the allegedly unlawful practice occurred." *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677-78 (6th Cir. 2003). An exception lies if the claimant has instituted proceedings with a state agency. *Id.* at 678.

In the instant matter, plaintiff filed his charge with the EEOC alleging discrimination on the basis of race and national origin 229 days after his termination, which is the allegedly discriminatory act in this case. Moreover, plaintiff has given no indication that he initiated proceedings with any state or local agency before filing his charge with the EEOC. Accordingly, his Title VII claims of discrimination on the basis of race and national origin are time-barred.

9

Furthermore, plaintiff alleges that while employed at FLEC, he was subjected to name-calling in derogation of his status and heritage as a Native American. While this alleged name-calling, if true, is certainly disgraceful, because it necessarily occurred before plaintiff was terminated, any Title VII claims based on such conduct are likewise time-barred.[4] As a result, plaintiff's Title VII claims are time-barred pursuant to 42 U.S.C. § 2000e–5(e)(1), as he failed to file a charge with the EEOC within 180 days of the alleged unlawful act by FLEC.[5]

### C. Substantive Allegations of Discrimination

Both Title VII and the ADEA forbid an employer to "discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race" or "age." 42 U.S.C. § 2000e-2(a)(1); 29 U.S.C. § 623(a). A plaintiff may establish a claim under Title VII or the ADEA by offering either direct or circumstantial evidence of discrimination. *Kuhn v. Washtenaw Cnty.*, 709 F.3d 612, 624 (6th Cir. 2013); *Grubb v. YSK Corp.*, 401 F. App'x 104, 113 (6th Cir. 2010) (citing *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003) (en banc)). Direct evidence is "evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating

---

[4] The last contact between plaintiff and FLEC cited in the complaint took place on September 26, 2011 [Doc. 1 ¶ 35]. This date is 212 days prior to the filing of the EEOC charge, and therefore any allegations of discriminatory conduct by FLEC on this day, or before, are time-barred.

[5] In any event, plaintiff's Title VII claims fail to substantively survive Rule 12(b)(6) scrutiny, and thus a timely filing with the EEOC would not have ultimately affected the Court's ruling on FLEC's motion to dismiss.

factor in the employer's actions." *Geiger v. Tower Auto.*, 579 F.3d 614, 620 (6th Cir. 2009) (citing *Wexler*, 317 F.3d at 570) (internal quotation marks omitted); *see also Kuhn*, 709 F.3d at 624. In other words, direct evidence proves the occurrence of discrimination without requiring further inferences. *Reeves v. Swift Transp. Co.*, 446 F.3d 637, 640 (6th Cir. 2006). "Circumstantial evidence, on the other hand, is proof that does not on its face establish discriminatory animus, but does allow a factfinder to draw a reasonable inference that discrimination occurred." *Geiger*, 579 F.3d at 620 (citation omitted). With respect to plaintiff's ADEA claim, whether a plaintiff relies on direct or circumstantial evidence, the burden of persuasion remains on the plaintiff to demonstrate "by a preponderance of the evidence . . . that age was the 'but-for' cause of the challenged [adverse employment action]." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009); *see Harris v. Metro. Gov't of Nashville & Davidson Cnty.*, 594 F.3d 476, 485 (6th Cir. 2010) (stating that "the plaintiff retains the ultimate burden of proving that age was the 'but for' cause of the employer's adverse action").

Because plaintiff has failed to proffer any direct evidence of discrimination, his claims will be reviewed under the standards for circumstantial evidence. Both race and age discrimination claims based on circumstantial evidence are analyzed under the burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *See Kuhn*, 709 F.3d at 624; *Martin v. Toledo Cardiology Consultants, Inc.*, 548 F.3d 405, 410-11 (6th Cir. 2008). Under the *McDonnell Douglas* framework, the burden is on the plaintiff to first establish a *prima*

11

*facie* case under the relevant statute. *McDonnell Douglas Corp.*, 411 U.S. at 802. A plaintiff establishes a *prima facie* case by showing that (1) the plaintiff was a member of a protected class; (2) the plaintiff suffered an adverse employment action; (3) the plaintiff was qualified for the position; and (4) the plaintiff was treated differently than similarly situated employees outside the protected class. *See Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992). After a *prima facie* case has been established, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse employment action. *Kline v. Tenn. Valley Auth.*, 128 F.3d 337, 348 (6th Cir. 1997). "Once the defendant meets this burden, 'the plaintiff must produce sufficient evidence from which the jury may reasonably reject the employer's explanation'" as mere pretext. *Martin*, 548 F.3d at 410-11 (quoting *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1083 (6th Cir. 1994)).

### 1. Plaintiff's ADEA Claim

In support of its motion to dismiss, FLEC argues that plaintiff has failed to state a plausible claim for relief under the ADEA. Specifically, FLEC contends that plaintiff offers nothing of substance to support his claim and, moreover, FLEC's alleged discriminatory motives, even if assumed true, are not in fact violative of the ADEA.

Because plaintiff purports to present circumstantial evidence of age discrimination in his complaint, pursuant to the *McDonnell Douglas* framework, plaintiff must first establish a *prima facie* case. In the specific context of an age discrimination claim involving a termination, a plaintiff must show: "1) that he was a member of a protected

12

class; 2) that he was discharged; 3) that he was qualified for the position held; and 4) that he was replaced by someone outside of the protected class." *Geiger*, 579 F.3d at 622. In his complaint, plaintiff states that: he was fifty-eight years old at the time of his termination; he had been employed by FLEC for twenty-two years and was three years from being fully vested in FLEC's retirement plan; FLEC hired a man half his age to replace him; and FLEC's stated reason for discharge was a pretext, as FLEC in fact terminated plaintiff in order to prevent him from becoming fully vested for retirement and so that FLEC could hire a younger worker for less pay [Doc. 1 ¶¶ 39-42]. Meanwhile, FLEC states that plaintiff was terminated as a result of his conviction for resisting arrest and admission to FLEC's CEO that he consumed alcohol on the day of his arrest while on standby duty for FLEC [Doc 1-1 p. 5].

Taking plaintiff's allegations as true, the Court finds that plaintiff has pleaded a *prima facie* case of discrimination under the ADEA. Plaintiff was a member of the protected class under the ADEA because he was at least forty years old, he was discharged, he was qualified for his position,[6] and he was replaced by someone outside

---

[6] Meeting this qualification prong is not difficult at the *prima facie* stage of the *McDonnell Douglas* framework and simply requires the plaintiff to show that he or she possessed the basic skills required for the position. *Crawford v. Muvico Theaters, Inc.*, No. 04-2720 B, 2006 WL 522391, at *6 (W.D. Tenn. Mar. 2, 2006) (citing *EEOC v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1193-94 (10th Cir. 2000)); *see also Cline v. Catholic Diocese of Toledo*, 206 F.3d 651, 660-61 (6th Cir. 2000) (holding that "when assessing whether a plaintiff has met her employer's legitimate expectations at the prima facie stage of a termination case, a court must examine plaintiff's evidence independent of the nondiscriminatory reason 'produced' by the defense as its reason for terminating plaintiff").

the protected class. But, FLEC articulates a legitimate, non-discriminatory reason for its action—that it terminated plaintiff because of his criminal conviction and admission that he consumed alcohol while on standby duty. Accordingly, under the *McDonnell Douglas* framework, "'the plaintiff must [then] produce sufficient evidence from which the jury may reasonably reject the employer's explanation'" as mere pretext. *Martin*, 548 F.3d at 410-11 (citation omitted). This is where plaintiff's claim goes awry.

Plaintiff alleges in his complaint that FLEC violated the ADEA by terminating his employment in order to hire a worker half his age for less pay and to avoid plaintiff becoming fully vested in FLEC's retirement plan. Even assuming that this allegation is true, FLEC has not violated the ADEA. Describing the impetus behind the enactment of the ADEA, the United States Supreme Court stated that:

> It is the very essence of age discrimination for an older employee to be fired because the employer believes that productivity and competence decline with old age. Congress' promulgation of the ADEA was prompted by its concern that older workers were being deprived of employment on the basis of inaccurate and stigmatizing stereotypes.

*Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993) (citation omitted). On the other hand, "[w]hen the employer's decision *is* wholly motivated by factors other than age, the problem of inaccurate and stigmatizing stereotypes disappears. This is true even if the motivating factor is correlated with age, as pension status typically is." *Id.* at 611. Consequently, "a decision . . . to fire an older employee solely because he has nine-plus years of service and therefore is 'close to vesting' would not constitute discriminatory

14

treatment on the basis of age." *Id.* at 612. Therefore, even if plaintiff proved that FLEC fired him to prevent him from fully vesting in the retirement plan or so that FLEC could hire a cheaper worker, such motives would not amount to an ADEA violation. Having failed to plead any other facts supporting an age discrimination claim, plaintiff's complaint does not state a plausible claim for relief under the ADEA, and that claim will be dismissed.

### 2. Plaintiff's Title VII Claim

Even if plaintiff's Title VII claim was timely, his complaint nevertheless fails to state a plausible claim for relief. In its motion to dismiss, FLEC contends that plaintiff fails to plead facts that create a reasonable inference of discrimination, a necessity in order to survive a 12(b)(6) motion. *See Iqbal*, 556 U.S. at 678. To make out a *prima facie* case for termination on the basis of race or national origin in violation of Title VII,[7] the plaintiff must show: (1) membership in a protected class; (2) that the plaintiff suffered an adverse employment action; (3) that the plaintiff was qualified for the position; and (4) that the plaintiff was replaced by someone outside the protected class or was treated differently than similarly situated, non-protected employees. *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 707 (6th Cir. 2006).

---

[7] *See* 42 U.S.C.A. § 2000e-2(a)(1) (stating that it shall be unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin").

For the purposes of assessing plaintiff's *prima facie* case, it is undisputed that plaintiff, as a Native American, is a member of a protected class. *Hill v. Forum Health*, 167 F. App'x 448, 453 (6th Cir. 2006). Moreover, at the *prima facie* stage, plaintiff has satisfied the second and third prongs by pleading that he was terminated and was qualified for his position, at least in the sense that he possessed the basic skills required. As to the final prong, plaintiff alleges that he was replaced by Josh Wilson, whose race and national origin are unidentified in the complaint. However, even if the Court assumes that Mr. Wilson is not a Native American and that plaintiff has therefore pleaded a *prima facie* case, plaintiff's allegations are insufficient to survive FLEC's motion to dismiss, as will be discussed subsequently.

Assuming that plaintiff has pleaded a *prima facie* case, under the *McDonnell Douglas* framework, the burden then shifts to the defendant to provide a legitimate, non-discriminatory reason for its action. FLEC meets this burden easily, stating that it terminated plaintiff because of his criminal conviction and admission that he consumed alcohol while on standby duty. Accordingly, "'the plaintiff must [then] produce sufficient evidence from which the jury may reasonably reject the employer's explanation'" as mere pretext. *Martin*, 548 F.3d at 410-11 (citation omitted).

"For a plaintiff to show pretext, he must show the employer's given reason for its conduct had no basis in fact, did not actually motivate the defendant's challenged conduct, or was insufficient to motivate the defendant's challenged conduct." *Lefevers v. GAF Fiberglass Corp.*, 667 F.3d 721, 725 (6th Cir. 2012) (internal citations omitted). In

16

support of his allegation, plaintiff summarily states that "[t]he stated reason by Fort Loudoun . . . was pre-textual" [Doc. 1 ¶ 48]. The United States Supreme Court has held that when a complaint states no more than conclusions, such are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678-79. Plainitff's allegation of pretext is conclusory and provides no supporting factual basis for the proposition that race or national origin factored into FLEC's decision, except to allege that he had previously been called names at unspecified times by mostly unspecified people, none of whom were alleged to have been involved in any way in plaintiff's termination. As a result, plaintiff's claims of racial and national origin discrimination must be dismissed, as "a civil complaint only survives a motion to dismiss if it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Courie*, 577 F.3d at 629 (quoting *Iqbal*, 556 U.S. at 678).

Alternatively, plaintiff has not pleaded facts, taken as true, that are sufficient to create a reasonable inference that FLEC possessed discriminatory motives in terminating his employment. Importantly, "an unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Iqbal*, 556 U.S. at 678. Further, a complaint will not suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 557. In support of his race and national origin discrimination claims, plaintiff states that he was the only Native American or minority employed by FLEC at the time of his discharge. He also submits that he was repeatedly exposed to racial slurs regarding his race and national origin and that FLEC did nothing to stop this conduct despite

17

plaintiff's protests. As a result, plaintiff concludes he was terminated because of his race or national origin. Yet, plaintiff makes no factual allegations of discriminatory animus on the part of Jarrod Brackett, the FLEC CEO/General Manager that terminated him, or any other official who played a role in the decision to terminate him. Consequently, plaintiff's allegation of discrimination on the basis of his race or national origin ultimately amounts to the sort of unadorned or naked assertion, devoid of further factual enhancement, that is insufficient to survive a motion to dismiss.

Therefore, even if plaintiff's Title VII claims were not time-barred, the Court finds that plaintiff's complaint fails to state a plausible claim for relief under Title VII for discrimination on the basis of race or national origin and will dismiss these claims.

### D.     Remaining Claims for Relief in the Complaint

In plaintiff's response to FLEC's motion to dismiss, in which FLEC argues that plaintiff's breach of contract, THRA, and intentional infliction of emotional distress claims are time-barred, plaintiff admits that, other than the ADEA and Title VII claims, "the Defendant (FLEC) is correct on the time limitations on all other charges in the Complaint." In light of this concession, the Court will dismiss these claims.[8]

---

[8] *See* Fed. R. Civ. P. 41(a)(1)(A) (providing for voluntary dismissal of plaintiff's claims without a court order when the opposing party, here FLEC, has yet to file an answer or a motion for summary judgment).

**III.    Conclusion**

Accordingly, and for the reasons stated herein, Defendant Fort Loudoun Electric Cooperative's Rule 12(b)(6) Motion to Dismiss [Doc. 6] will be **GRANTED** and plaintiff Perry Lee Dixon's claims will be **DISMISSED** in their entirety.  The Clerk of Court will be **DIRECTED** to close this case.  An appropriate order will be entered.

ORDER ACCORDINGLY.


s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE